IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| TERRANCE CLARK GILPIN | § | |
| VS. | § | CIVIL ACTION NO. 1:19cv316 |
| KRISTIAN DANA STACKS | § | |

## MEMORANDUM OPINION

Terrance Clark Gilpin, an inmate confined within the Texas Department of Criminal Justice, proceeding *pro se*, filed this lawsuit against Kristian Dana Stacks.

### Factual Allegations

Plaintiff alleges he and the defendant jointly own a piece of property in Hideaway, Texas. He states that in 2018, the defendant sold this property to Bob Colombe, who was falsely told the defendant had a power of attorney from plaintiff.

### Discussion

"Federal courts are courts of limited jurisdiction having subject matter jurisdiction only over those matters specifically designated by the Constitution or Congress." *Johnson v. United States*, 460 F.3d 616, 621, n.6 (5th Cir. 2006). "It is incumbent on all federal courts to dismiss an action whenever it appears that subject matter jurisdiction is lacking." *Stockman v. Federal Election Commission*, 138 F.3d 144, 151 (5th Cir. 1998). As the United States Court of Appeals for the Fifth Circuit has written:

> Where a federal court proceeds in a matter without first establishing that the dispute is within the province of controversies assigned to it by the Constitution and statute, the federal tribunal poaches upon the territory of a coordinate judicial system, and its decisions, opinions, and orders are of no effect. Thus, the trial court must be certain of its jurisdiction before embarking upon a safari in search of a judgment on the merits.

*B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 548-49 (5th Cir. 1981). If necessary, federal courts should inquire *sua aponte* whether they have jurisdiction over a matter before proceeding further. *Steel Company v. Citizens for a Better Environment*, 523 U.S. 83, 93 (1998).

Unless otherwise provided by statute, federal court jurisdiction requires: (1) complete diversity of citizenship between adverse parties and at least $75,000 at issue, *see* 28 U.S.C. § 1332; *Owens Equipment and Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978), or (2) a federal law nexus, *see* 28 U.S.C. § 1331; *Merrell Dow Pharm. v. Thompson*, 478 U.S. 804, 808 (1986); *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 922 (5th Cir. 1997). Complete diversity means that a federal court may not exercise diversity jurisdiction if the plaintiff is a domiciliary of the same state as any one of the defendants. *Menendez v. Wal-Mart Stores, Inc.,* 364 F. App'x 62, 65 (5th Cir. 2010*).* If neither of these requirements are met, federal courts, with limited jurisdiction, do not have authority to hear the matter and must dismiss it for adjudication in the proper tribunal. *Byers v. McAuley*, 149 U.S. 608, 618 (1893) ("The jurisdiction of the federal courts is a limited one, depending upon either the existence of a federal question or diverse citizenship of the parties. Where these elements are wanting, it cannot proceed, even with the consent of the parties.") .

Plaintiff has not identified a federal statute which he is seeking to proceed under. This lawsuit does not appear to have a federal law nexus. In addition, plaintiff and the defendant both appear to be citizens of the State of Texas. Complete diversity therefore does not exist in this matter. As this case does not present a federal question and there is not complete diversity, the court must dismiss this case without prejudice for lack of subject-matter jurisdiction.

## Conclusion

For the reasons set forth above, the court lacks jurisdiction over this matter. An appropriate final judgment shall be entered.

**SIGNED** this the 4 day of **May, 2020.**

_____
Thad Heartfield
United States District Judge